## CIRCUIT COURT OF LOUDOUN COUNTY

Garland Trammel

v.

Joseph D. Curtis et al.

November 13, 1996

Case No. (Chancery) 16796

■

BY JUDGE JAMES H. CHAMBLIN

This cause is before the Court on the Motion for Summary Judgment filed by the Defendants and Cross-Complainants. After consideration of the argument of counsel on September 17, 1996, and the briefs filed herein, the Motion is granted for the reasons set forth herein.

While the chain of title in this partition suit may be complicated, the essential facts upon which the Complainant, Garland Trammel, seeks to compel partition of the subject property are relatively simple. The essential material facts were admitted by him in discovery.

Trammel's only claim to an interest in the subject real estate located in Loudoun County is under an agreement executed by Geary Monroe Curtis on February 9, 1993. A copy of the agreement was recorded among the land records of Loudoun County on February 10, 1993, Book 1121, p. 514. He claims that the agreement created a valid *inter vivos* trust under which the interest of Curtis in the subject real estate vested in Trammel upon Curtis' death in August, 1994.

The Defendants and Cross-Complainants, being the owners of the remaining interest in the subject property, seek a summary judgment against Trammel adjudicating that he has no interest in the property because the trust is illusory and is, in effect, a testamentary disposition in violation of the Statute of Wills.

The agreement must be construed according to its intent, and it will stand or fall on its own terms. *Ballard v. McCoy*, 247 Va. 513, 517 (1994). The words used in the agreement must be examined to determine its effect.

The issue presented in this case is the same as the issue presented in the leading case of *Bickers v. Shenandoah Valley National Bank*, 197 Va. 145 (1955): "Did the settlor intend that upon its execution a present interest or estate pass from him to the trustee in trust for named beneficiaries, or did he intend that the instrument have no effect until after his death?" *Bickers*, 197 Va. at 153.

After a careful examination of the agreement, I feel that Curtis (the settlor) did not intend for Trammel to have any interest in the trust *res* until Curtis' death.

Although counsel have cited no Virginia case in which an *inter vivos* trust was held to be illusory because of the extensive retention of rights by the settlor, the authorities cited by the Defendants and Cross-Complainants from other jurisdictions are persuasive. In this case, Curtis reserved the power to amend or revoke the trust during his lifetime. He also reserved "all rights to income, profits, or control of the trust property." Even in the event of the incapacity of Curtis, the successor trustee can only manage and apply the trust for the benefit of Curtis as necessary in the trustee's discretion for the proper health care, support, maintenance, comfort, or welfare of Curtis. The power and authority reserved by Curtis are equivalent to the power and authority which Curtis had over the property before he executed the agreement. I can perceive of nothing that Curtis gave up as to the property when he executed the agreement. Therefore, in the words of *Bickers*, it is an "illusory transfer." 197 Va. at 153.

For similar reasons, I cannot find that Curtis transferred to Trammel a present interest in the property when Curtis executed the agreement on February 9, 1993. It does not add anything just because the trust *res* is real estate and the agreement was recorded. The designation of Trammel as the successor trustee does not add anything because it merely gives him duties and powers as a trustee but does not give him anything as a beneficiary.

The most significant reason supporting a finding that no present interest vested in Trammel is found in the words of Section V of the agreement:

> V. Beneficiaries.
> *Upon the death of the settlor*, the specific beneficiaries of the Geary Monroe Curtis Trust shall be:
> 1. Garland Trammel shall be given 22/32 of land inherited from Louis E. G. Curtis, father. [Emphasis added.]

There is no beneficiary until Curtis dies. Curtis himself is a beneficiary, but he is not mentioned in Section V. Trammel is not "given" anything

until Curtis is deceased. The agreement provides for accumulations and additions to the trust, but what it is to "be given" to Trammel at Curtis' death is "land." The dispositive provisions concerning Trammel clearly do not take effect until Curtis' death. As such, it is a testamentary disposition.

The agreement clearly gave Curtis the same powers and rights that he would have had over the property if he had owned it outright. The agreement is merely a declaration that Curtis wanted Trammel to have the trust property at his death. It is a testamentary disposition. The agreement was not executed with the requisite formalities of a will. Hence, the transfer of any interest to Trammel is an invalid, attempted testamentary disposition.